UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : CRIMINAL NO. |
| | : |
| | : GRAND JURY ORIGINAL |
| v. | : |
| | : <u>FILED UNDER SEAL</u> |
| **KEVIN A. RING** | : |
| | : |
| **Defendant** | : |

## MOTION TO SEAL INDICTMENT AND BENCH WARRANT

The United States of America, by its attorneys, William M. Welch II, Chief, Public Integrity Section, United States Department of Justice, and Stuart M. Goldberg, Acting United States Attorney for the District of Maryland, hereby moves the Court to seal the Indictment and bench warrant in the above-captioned matter, this Motion to Seal, and the Court's Order regarding the Motion to Seal. In support of its motion, the Government states as follows:

The indictment in this case charges Kevin A. Ring, a lobbyist, with: conspiring to defraud the citizens of the United States of the honest services of their legislative and executive branch officials and to pay gratuities; payment of gratuities; honest services wire fraud; and obstruction of justice. Ring was a colleague and partner of lobbyist Jack Abramoff, and the investigation of Ring has accordingly received a great deal of attention from the press. It is likely, if the Indictment and related papers are not sealed, that the pleadings would be discovered by the press and widely publicized.

Prior to indictment, Ring has been contacting potential government witnesses. An arrest

1

warrant upon a sealed Indictment will secure Ring's presence in court for an initial appearance and allow the government to argue for a release condition prohibiting contact with potential government witnesses. A summons or unsealed Indictment, on the other hand, will allow Ring to continue such contacts for some period of time before his first appearance.

Under these circumstances, it is reasonable to conclude that the Indictment should be sealed until the arrest team has located the defendant. This should occur in the near future. This sealing motion shall automatically expire upon the arrest of the defendant, and at the first presentment in this case, the government will move formally to unseal the Indictment. This procedure represents a reasonable balance between the common law qualified right of access to judicial records and the government's compelling interest in preserving the integrity of a federal criminal investigation and the safety of its investigators. See In the Matter of Eyecare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996); In the Matter of the Application and Affidavit for a Search Warrant, The Washington Post Co. v. Hughes, 923 F.2d 324, 326-327 (4th Cir. 1991). See also Washington Post v. Robinson, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991) (acknowledging that the government's demonstration of a compelling interest in confidentiality may justify postponing the entry on the public docket of any pleading regarding a plea agreement, to which there is a First Amendment right of access).

WHEREFORE, the government respectfully requests that the Court enter an Order sealing the Indictment and bench warrant in the above-captioned matter, this Motion to Seal, and the Court's Order to seal, for a period of thirty days, or until the arrest of the defendant when this sealing order shall expire automatically.

Respectfully submitted,

William M. Welch II,
Chief, Public Integrity Section,
United States Department of Justice

and

Stuart M. Goldberg,
Special Attorney to the Attorney General
Acting United States Attorney
District of Maryland,

By: _____
Michael J. Leotta
Assistant United States Attorney, Maryland
Special Attorney to the Attorney General
D.C. Bar Number 463018

36 South Charles Street
Fourth Floor
Baltimore, MD 21201

(410) 209-4900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : CRIMINAL NO. |
| | : |
| | : GRAND JURY ORIGINAL |
| v. | : |
| | : FILED UNDER SEAL |
| **KEVIN A. RING** | : |
| | : |
| **Defendant** | : |

## ORDER

Upon consideration of the government's Motion to Seal and for the reasons stated therein, it is this _____th day of September, 2008, hereby

ORDERED, that the Indictment and bench warrant in the above-captioned matter, the government's Motion to Seal, and this Order shall be SEALED and that this Order will remain in effect for a period of thirty days from today or until the arrest of the defendant upon which this Order shall expire automatically.

_____
United States Magistrate Judge

1