# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-274 (ESH) |
| ) | |
| KEVIN A. RING, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on defendant Kevin Ring's motion for release on bond pending appeal pursuant to 18 U.S.C. § 3143(b). On November 15, 2010, Kevin Ring was convicted by a jury of payment of an illegal gratuity pursuant to 18 U.S.C. § 201(c)(1)(A), conspiracy pursuant to 18 U.S.C. § 371, and three counts of honest-services wire fraud pursuant to 18 U.S.C. §§ 1343, 1346.[1] Mr. Ring was acquitted of three counts of honest-services wire fraud. The defendant has indicated that he intends to appeal and has set forth the bases for his appeal in his sentencing memorandum. He now seeks release pending appeal, which the government opposes.

The United States Code provides that:

> [The Court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to . . . the community . . . and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a

---

[1] This verdict came at the close of Mr. Ring's second trial. The first trial resulted in a mistrial after the jury hung on all counts.

>term of imprisonment less than the total of the time already served
>plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The Court will grant Mr. Ring's motion for release on bond pending appeal because he has shown by clear and convincing evidence that (1) he is not likely to flee or pose a danger to the community; and (2) he has raised substantial questions of law or fact, as defined by 18 U.S.C. § 3143(b). Furthermore, if one or more of those questions is resolved in his favor, a reversal or new trial would likely be required. *See* 18 U.S.C. § 3143(b)(1)(B)(i), (ii). The government concedes, and the Court agrees, that Mr. Ring does not present a risk of flight or a danger to the community. (*See* United States' Sentencing Memorandum Regarding Factors to Consider Pursuant to 18 U.S.C. § 3553 ("Gov't Opp'n") at 33.)

A substantial question of law for purposes of 18 U.S.C. § 3143(b) is "a 'close' question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam) (quoting *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)). The Court agrees with defendant that a number of the issues raised in the pre-trial motion to dismiss the indictment, the motion for judgment of acquittal, and the motion for a new trial are substantial and without guiding precedent in this Circuit. (*See* Sentencing Memorandum of Kevin Ring at 41; Gov't Opp'n at 37.)

This case was one of the first, if not the first, to go to trial after the Supreme Court's ruling in *United States v. Skilling*, 130 S. Ct. 2896 (2010). Although the *Skilling* Court cited with approval three cases, *see id*. at 2934, involving a stream of things of value, each of those cases, unlike this one, involved the prosecution of a public official and conviction on a substantive count of either extortion or bribery. *United States v. Ganim*, 510 F.3d 134 (2d Cir 2007) (Sotomayor, J.); *United States v. Whitfield*, 590 F.3d 325 (5th Cir. 2009); *United States v. Kemp*,

500 F.3d 257 (3d Cir. 2007).  Thus, there is still a question regarding whether this case fits within the Court's holding in *Skilling*.  This case also presented challenging and novel questions of law regarding what is legal versus illegal lobbying and whether a lobbyist can be prosecuted for providing things of value to a public official without an explicit quid pro quo where a jury is not asked to determine the culpability of the public official.  The Court's written opinions and rulings from the bench, while ultimately rejecting defendant's arguments, reveal the substantial and complex questions of law that had to be decided.  *See United States v. Ring*, 768 F. Supp. 2d 302, 304-309 (D.D.C. 2011); *United States v. Ring*, 628 F. Supp. 2d 195, 206-209 (D.D.C. 2009).[2]

If some of these issues were to be decided in Mr. Ring's favor on appeal, a reversal or new trial would likely be required. And, although the Court was not persuaded by defendant's arguments, it is also aware that some of the issues he has raised present close questions of law that "very well could have been decided the other way." *See Perholtz,* 836 F.2d at 555. Moreover, if, for example, the Court of Appeals disagreed with this Court's rulings regarding either the honest-service wire fraud or the illegal gratuity convictions, this may affect the basis for the conspiracy conviction.

---

[2] *See also United States v. Urciuoli*, 513 F.3d 290, 300 (1st Cir. 2008) (describing this difficulty even pre-*Skilling*).

> It is frustrating not to be able (yet) to reduce the "honest services" concept to a simple formula specific enough to give clear cut answers to borderline problems. But it is in the nature of sections 1341 and 1346, at least as applied to political activities, that the problems generated sometimes have to be settled one at a time until an accretion of concrete precedents forms a pattern that can be usefully articulated.

*Id*.

For these reasons, the Court will grant defendant's motion to remain on bond pending appeal (Dkt. No. 290), and will stay his sentence pursuant to Rule 38(b)(1) of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 38(b)(1) ("If the defendant is released pending appeal, the court must stay a sentence of imprisonment.").

Accordingly, it is hereby

**ORDERED** that the defendant's motion for release pending appeal (Dkt. No. 290) is **GRANTED**; and it is

**FURTHER ORDERED** that the defendant's sentence is **STAYED** pending the outcome of his appeal and his present conditions of release will remain the same.

SO ORDERED.

                                                              /s/
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Date:   October 26, 2011