UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 28 2014
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:08-cr-00274-ESH |
| ) | |
| KEVIN A. RING, ) | |
| ) | |
| Defendant. ) | |

## MOTION OF FAMILIES AGAINST MANDATORY MINIMUMS AND NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE* IN SUPPORT OF DEFENDANT'S MOTION TO UNSEAL

Families Against Mandatory Minimums and the National Association Of Criminal Defense Lawyers respectfully move the Court for leave to file a brief *amicus curiae* in support of defendant's motion to unseal. The grounds for this Motion are set forth below.[1]

On December 23, 2013, Defendant Kevin Ring filed a motion to unseal portions of a PowerPoint presentation which the United States presented to Mr. Ring during a reverse proffer session conducted prior to his indictment. That document purportedly outlined the "trial penalty" Mr. Ring faced — *i.e.*, the substantial increase in penalties he would face, as a result of charging and other decisions the United States would make, if Mr. Ring refused to plead guilty and instead exercised his Fifth and Sixth Amendment rights to a jury trial.

---

[1] Grant of this Motion would not unduly delay decision on Mr. Ring's Motion. The Proposed Order submitted with this Motion would require the filing of the proposed brief *amicus curiae* within ten days of the Order's grant.

**RECEIVED**
JAN 28 2014
Clerk, U.S. District and
Bankruptcy Courts

The right to a trial before a jury of one's peers and the right to require proof of guilt beyond a reasonable doubt lie at the heart of the United States' criminal justice system. Nevertheless, more than 90% of all criminal defendants forego these rights by choosing to plead guilty,[2] often because of the "trial penalty." Prosecutors' ability to impose a "trial penalty" has contributed to a historically low portion of defendants who opt to exercise their trial rights, and has spurred significant public debate over whether this development is healthy. *See, e.g.*, Richard A. Oppel, Jr., *Sentencing Shift Gives New Leverage to Prosecutors*, N.Y. Times (Sept. 25, 2011) (available at: http://www.nytimes.com/2011/09/26/us/tough-sentences-help-prosecutors-push-for-plea-bargains.html?pagewanted=all&_r=0) ("[P]rosecutors have gained greater leverage to extract guilty pleas from defendants . . . often by using the threat of more serious charges with mandatory sentences or other harsher penalties. Some experts say the process has become coercive in many state and federal jurisdictions. . . ."); Human Rights Watch, *An Offer You Can't Refuse: How US Federal Prosecutors Force Drug Defendants to Plead Guilty*, (Dec. 5, 2013) (available at: http://www.hrw.org/node/120896/section/1) ("The threat of higher sentences puts 'enormous pressure [on defendants] to plead,' . . . So much so that plea agreements, once a choice to consider, have for all intents and purposes become an offer drug defendants cannot afford to refuse. Only three percent of federal drug defendants go to trial. Human Rights Watch believes this historically low rate of trials reflects an unbalanced and unhealthy criminal justice system."); Norman L. Reimer, *NACDL To Expose The Trial Penalty In Bid To Resuscitate The Sixth Amendment*, The Champion (Sept./Oct., 2013) ("The trial

---

[2]*See Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012) ("[C]riminal justice today is for the most part a system of pleas, not a system of trials. Ninety-seven percent of federal convictions and

penalty is a product of many factors that imbue prosecutors with virtually unbridled authority to punish criminal defendants disproportionately simply for exercising a fundamental constitutional right."). Families Against Mandatory Minimums ("FAMM") and the National Association of Criminal Defense Lawyers ("NAACDL") are important voices in that ongoing debate.

FAMM is a nonprofit, nonpartisan organization fighting for smart sentencing laws that maintain public safety. FAMM advocates for a criminal justice system in which sentencing is individualized, humane, and sufficient but no greater than necessary to impose fair punishment and protect public safety. Mandatory minimum sentencing laws prohibit individualized inquiry by removing discretion from judges at sentencing. FAMM holds that this leads too frequently to sentences greater than necessary to meet the purposes of punishment. FAMM also recognizes that extreme sentences recommended by the federal sentencing guidelines too often rely on simplistic measures of culpability, such as loss, that overstate blameworthiness. Among the tools FAMM uses in its advocacy work are case profiles: description of how mandatory minimums and excessive guidelines affect individuals. This work to put a human face on sentencing is designed to demonstrate to lawmakers, among others, in a tangible way how much these sentencing schemes distort our criminal justice system and justice itself. FAMM has long heard from its incarcerated members about the threatened use of mandatory minimum and guideline enhancements to pressure them to forego trial. Last year, FAMM began soliciting from its incarcerated members their accounts of how prosecutors used the long sentences made possible by mandatory minimums and sentencing guideline calculations in an effort to secure guilty pleas. While the accounts FAMM has received are compelling, it is often the case that documentation

---

ninety-four percent of state convictions are the result of guilty pleas.").

of the use of the trial penalty is lacking. because the offer was not memorialized or is contained in sealed records, such as the reverse proffer at issue here.

NACDL is a nonprofit voluntary professional bar association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct. Founded in 1958, NACDL has a nationwide membership of approximately 10,000 and up to 40,000 with affiliates. NACDL's members include private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges. NACDL is the only nationwide professional bar association for public defenders and private criminal defense lawyers. The American Bar Association recognizes NACDL as an affiliated organization and awards it representation in its House of Delegates. NACDL files numerous amicus briefs each year in the United States Supreme Court and other courts, seeking to provide amicus assistance in cases that present issues of broad importance to criminal defendants, criminal defense lawyers, and the criminal justice system as a whole. Of particular relevance here, NACDL has become increasingly concerned that an array of prosecutorial tools are employed to severely undercut the constitutional right to a trial. Accordingly, NACDL has recently begun a major project to expose the unconscionable penalty or "tax" imposed upon the accused who dares to seek a trial rather than plead guilty ("the trial penalty"). NACDL will issue a report focusing on the impact of the trial penalty on the full range of federal cases, highlighting such injustices as when the accused abandons a colorable claim of innocence to avoid a clearly disproportionate sentence or, conversely, dares to go to trial and receives a sentence many times more severe than the plea offer.

In opposing Mr. Ring's Motion to Unseal, the United States argues, *inter alia*, that "[e]ven assuming that a First Amendment or common law right to access criminal discovery exists, Ring lacks standing to assert this right on behalf of third parties." United States' Response to Defendant Kevin Ring's Motion to Unseal, at 5 (Jan. 6, 2014). The desirability of prosecutors' ability to induce defendants to abandon their trial rights by threatening to impose a "trial penalty" is the subject of an ongoing, intense, and very important public debate. The question whether the public should have access to documents like the one at issue here, and whether the "trial penalty" should be exposed to the disinfectant of sunlight, is one that goes to the heart of our democracy. As important voices in the ongoing debate over the "trial penalty," FAMM and NACDL are injured by the United States' attempt to conceal the document at issue, and prevent scrutiny of the actions that create the "trial penalty." FAMM and NACDL therefore respectfully move the Court for permission to file a brief *amicus curiae* in support of Defendant's Motion To Unseal.

                Respectfully submitted,

                _____/s/_____
                Paul F. Enzinna
                Brown Rudnick LLP
                601 13th Street, NW, Suite 600
                Washington, DC 20005
                202.536.1700 (office)
                617.289.0512 (fax)

                *Counsel for Families Against Mandatory Minimums and National Association of Criminal Defense Lawyers*

January 28, 2014