UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                              |
|--------------------------|---|------------------------------|
| UNITED STATES OF AMERICA | ) |                              |
|                          | ) |                              |
| v.                       | ) | Criminal No. 08-274 (ESH)    |
|                          | ) |                              |
| KEVIN A. RING,           | ) |                              |
|                          | ) |                              |
| Defendant.               | ) |                              |

## MEMORANDUM OPINION

Defendant Kevin A. Ring has moved to unseal portions of a government PowerPoint presentation provided to him during a preindictment reverse proffer session on February 15, 2008. (Def.'s Mot. to Unseal, Dec. 23, 2013 [ECF No. 314] ("Mot.").) Defendant moves to unseal the document so that the public can obtain information about prosecutors' charging decisions and the plea bargaining process. For the reasons stated below, the Court denies defendant's motion.

## BACKGROUND

The material facts and statutory framework relevant to this case were described in detail in the Court's prior opinion. *United States v. Ring*, 811 F. Supp. 2d 359, 361-62 (D.D.C. 2011). Therefore, an abbreviated version will suffice. On September 5, 2008, a grand jury indicted Kevin Ring, a lobbyist who worked with Jack Abramoff, for payment of an illegal gratuity (Count II), honest services wire fraud (Counts III, IV, V, VI, VII, and VIII), and conspiracy (Count I). A jury trial commenced on September 1, 2009, resulting in a hung jury on all counts.[1]

---

[1] Because seven of the eight counts involved violations of the honest services wire fraud statute, 18 U.S.C. § 1346, the Court continued the retrial pending the Supreme Court's decision in

A second trial commenced on October 18, 2010. Following two weeks of trial and four days of deliberations, the jury returned a verdict of guilty on Counts I, II, III, VII, and VIII and a verdict of not guilty on Counts IV, V, and VI. Thereafter, the Court sentenced defendant to 20 months in prison. The D.C. Circuit affirmed the convictions. *United States v. Kevin A. Ring*, 706 F.3d 460 (D.C. Cir. 2013), *cert. denied*, 134 S. Ct. 175 (Oct. 7, 2013).

During the course of a preindictment reverse proffer session on February 15, 2008, defendant received a PowerPoint presentation provided by the government. (Mot. at 2.) The document was produced under the restrictions of various protective orders issued by the Court. (Order, Oct. 6, 2008 [ECF No. 19]; Order, Feb. 26, 2009 [ECF No. 40]; Order, May 12, 2009 [ECF No. 51].) The first of which provided that defendant "shall use discovery materials and their contents solely for the preparation, trial, and direct appeal of this matter and for no other purpose whatsoever." (Order, Oct. 6, 2008 [ECF No. 19] at 1.)

Defendant now moves to unseal parts of the PowerPoint presentation.[2] Defendant seeks the unsealing "so that relevant portions of the PowerPoint can be provided to public interest groups, legal academics, and others in order to educate the public about how pleas and charging decisions can work and how prosecutors' actions can affect the criminal justice process." (Mot. at 1.) Defendant does not dispute that unsealing would contravene the terms of the protective orders issued by the Court. Rather, defendant contends that the presumption in favor of public access to judicial proceedings applies to the PowerPoint presentation and that unsealing is proper because the public's interest in this document outweighs the government's interest in keeping it sealed. (*See* Mot. at 1-3.) The government argues that defendant's motion should be denied for

---

*Skilling v. United States*, 130 S. Ct. 2896 (2010), which was handed down on June 24, 2010.

[2] Families against Mandatory Minimums and National Association of Criminal Defense Lawyers have also moved for leave to file an *amicus curiae* brief in support of defendant's motion to unseal. (Mot. for Leave to File *Amicus Curiae*, January 29, 2014 [ECF No. 319]). This motion will be granted.

three reasons. First, because the PowerPoint presentation was never filed with the Court, it is not a judicial record subject to a presumptive right of public access to judicial proceedings. Second, even if a right of access attached to this document, defendant lacks standing to assert this right on behalf of others. Third, unsealing would defeat the purpose of protective orders and result in an "incomplete and unbalanced view of the issue on which [defendant] hopes to 'educate the public.'" (U.S. Resp. to Mot. to Unseal, Jan. 6, 2014 [ECF No. 315] ("Resp.") at 2.)

## ANALYSIS

A district court has authority to seal and unseal documents as part of its "supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A court exercises this authority on a discretionary basis "in light of the relevant facts and circumstances of the particular case." *Id.* at 599. In considering a request to unseal, a court weighs a party's interest in confidentiality against the public's interest in accessing judicial proceedings. *See United States v. Hubbard*, 650 F.2d 293, 315-18 (D.C. Cir. 1980).

**I.  STANDING**

As a threshold matter, defendant has standing to pursue this claim. Standing requires "the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). A party's "injury in fact" must have arisen from "an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Bennett v. Spear*, 520 U.S. 154, 167 (1997). A party has a "judicially cognizable interest" in being able to use information in its possession. "That interest is the same interest justifying standing to myriad litigants who have brought First Amendment claims challenging restrictions on their speech." *In*

*re Special Grand Jury 89-2*, 450 F.3d 1159, 1172 (10th Cir. 2006). Members of the public have standing to move to unseal criminal proceedings. *See Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1 (1986).

The government contends that defendant lacks standing because he "has made no showing of *personal* prejudice or injury based on the *public's* lack of access" to the PowerPoint presentation. (Resp. at 6.) Defendant counters by arguing that "he has suffered an actual injury, since he cannot use the sealed documents as a result of the protective order," and that this injury will be redressed by granting this motion. (Def.'s Reply in Supp. of Mot. to Unseal, Jan. 23, 2014 [ECF No. 317] ("Reply") at 10.) Defendant also argues that the facts in this case are similar to *United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013). There, the Tenth Circuit found that criminal defendants seeking to unseal discovery materials produced under a protective order had standing to pursue their motion to unseal. *Id.* at 1301. While admittedly the Tenth Circuit decision is not binding on this Court and the purpose for the unsealing in this case is different than that in *Pickard*,[3] the protective order is a restriction on defendant's speech that is likely to be redressed by the granting of his motion to unseal. As a result, defendant has standing to pursue this claim.

## II. RIGHT OF ACCESS

Defendant asserts that the PowerPoint presentation is subject to this Circuit's "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The presumptive public right of access to judicial proceedings flows from two distinct rights: a common law right of access to judicial documents and a First Amendment right of access to criminal proceedings. As recognized by the D.C.

---

[3] The defendants in *Pickard* sought to use the sealed documents to, *inter alia*, attack their convictions and in conjunction with future Freedom of Information Act (FOIA) litigation. 733 F.3d at 1301 n.3 (10th Cir. 2013).

4

Circuit, the common law right of access, however, only applies to documents that are part of the judicial record. *See United States v. Hani El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997). A document is part of the judicial record if it is filed with the court and plays a role in the adjudicatory process. *Id.* at 163. If a document is not filed with the court, it is not part of the judicial record and is not subject to a common law right of access. *See S.E.C. v. American International Group*, 712 F.3d 1, 3 (D.C. Cir. 2013) (confidential reports prepared pursuant to consent decree not subject to common law right of access). A First Amendment right of access attaches to a particular document if the document has "historically been open to the press and general public" and if "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co.*, 478 U.S. at 8. A First Amendment right of access does not attach to criminal discovery materials not admitted into evidence, since these documents are not a "traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).

Because the PowerPoint presentation was not filed with the court, was not admitted into evidence, and did not play a role in the adjudicatory process, neither a common law nor First Amendment right of access attaches. In response, defendant merely points to this Court's Memorandum Opinion, which mentions information similar to that contained in the PowerPoint presentation, to argue that the presentation is part of the judicial record and therefore subject to a presumptive right of access. (Reply at 4-5 (citing *Ring*, 811 F. Supp. 2d at 359).) This is incorrect. The Court could not have based its decision on the PowerPoint presentation because the Court had not seen it until it was filed with the instant motion. Instead, the Court based its decision on information obtained from the trial and sentencing hearing. The fact that the Memorandum Opinion referred to information that may also appear in the PowerPoint

5

presentation does not make the presentation part of the record.  Defendant also argues that, under *Primus v. District of Columbia*, 719 F.3d 693, 698 (D.C. Cir. 2013), discovery documents produced subject to a protective order are subject to a presumptive right of access.  But defendant's reliance on *Primus* is misplaced.  The sealed documents at issue there were produced during civil discovery and contained information that was potentially integral to ongoing litigation.  *Id.* at 695-98.  Here, the presentation was part and parcel of plea negotiations and was not part of the adjudicatory process.

## CONCLUSION

For the foregoing reasons, the motion is **DENIED**.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 10, 2014